IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VERNON WEST, et al.,            )
                                )
         Plaintiffs,            )
                                )
    vs.                         )   No. CIV-05-431-C
                                )
BANK ONE OKLAHOMA, N.A.,        )
                                )
         Defendant.             )

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss. Defendant contends that Plaintiffs cannot state a claim for relief because their action is barred by the statute of limitations. Specifically, Defendant contends that Plaintiffs' statutory claim for failure to release a mortgage lien is barred by the one-year statute of limitations found in 12 Okla. Stat. § 95(A)(4). Additionally, Defendant claims that Plaintiffs cannot assert a claim for negligence because the relief under 46 Okla. Stat. §15 is exclusive. Even if Plaintiffs could assert a claim for negligence, Defendant claims it would be barred by the two-year statute of limitations. The Court agrees that Plaintiffs cannot state a claim for negligence, but finds that the one-year statute of limitations in 12 Okla. Stat. § 95(A)(4) does not bar Plaintiffs' statutory claim.

**Background**

In 1993, Plaintiffs executed a promissory note for $160,000 that was payable to Defendant and was secured by real property in Norman, Oklahoma. Plaintiffs paid the

mortgage in full in October 2000 and orally requested that Defendant execute a lien release. Defendant did not execute the release, so around Christmas 2000, Plaintiffs sent a written request that Defendant release the lien. Defendant has failed to release the lien which, according to Plaintiffs, has prevented Plaintiffs from investing in additional real estate and caused them to suffer financial losses. Plaintiffs filed this action on March 29, 2005, asserting claims for relief under 46 Okla. Stat. § 15 and common-law negligence.

## Discussion

*Statutory Claim*

46 Okla. Stat. § 15 states that a mortgage holder shall release a mortgage within fifty days of the payment of the debt secured by the mortgage. If a release is not executed, the property owner may request the release in writing and the mortgage holder then has ten days to release the lien. 46 Okla. Stat. § 15(A). If the mortgage holder does not release the lien within ten days, "he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired." Id. The statute also provides a private right of action to recover the penalty and caps the total penalty recoverable at one hundred percent of the total principal debt. Id.

Defendant argues that an action brought pursuant to this statute is governed by the one-year statute of limitations found in 12 Okla. Stat. § 95(4), which applies to "an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation." In so arguing, Defendant relies on the "forfeit" and "penalty" language

of the statute and also on case law referring to this statue as "penal in nature."  See, e.g., Pfalzgraf v. Ward, 1939 OK 541, ¶ 5, 98 P.2d 931, 932.  Additionally, Defendant refers the Court to Nay v. First Fin. Bank, 2003 OK CIV APP 91, ¶ 12, 79 P.3d 1124, 1128, where the Oklahoma Court of Civil Appeals assumes that 12 Okla. Stat. § 95(4) defines the applicable limitations period.

Defendant's argument is contrary to the Oklahoma Supreme Court's holding in Smith v. Colson, 1912 OK 216, 123 P. 149.  In Smith, the court addressed this very argument and rejected it.  The court concluded that "while the statute upon which plaintiff founds his action may be of a penal nature, it is not, primarily and strictly speaking, a penal statute, within the terms of the statute of limitation relied upon."  Id. at ¶ 10, 123 P. at 150.  Thus, the Smith court contemplated that a statute can be "penal in nature" for some purposes, see Pfalzgraf, 1939 OK 541, ¶ 5 (statute was penal in nature and thus must be strictly construed to accomplish its purpose), but not a penal statute.  Id.; see also Pittsburg Mortgage Inv. Co. v. Cook, 1931 OK 447, ¶ 7, 1 P.2d 665, 666 (holding that the subject statute was penal in nature but not a penal statute for purposes of permitting alternative actions for damages).

Because the controlling precedent in Oklahoma indicates that 46 Okla. Stat. § 15 is not a penal statute for limitations purposes, Defendant's motion to dismiss on this ground is denied.

*Negligence*

The statute of limitations for negligence claims is two years.  See 12 Okla. Stat. § 95(A)(3).  Plaintiffs had notice of the Defendant's failure to execute a lien release in December 2000; thus, Plaintiffs' negligence claim expired in December 2002.  Plaintiffs make no attempt to argue otherwise.  Accordingly, this claim must be dismissed.

**Conclusion**

Defendant's Motion to Dismiss (Dkt. No. 7) is GRANTED in part and DENIED in part.  Plaintiffs' negligence claim is DISMISSED with prejudice.  A separate judgment will enter on this claim at the conclusion of these proceedings.

IT IS SO ORDERED this 1st day of June, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge